IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARI FARNSWORTH; ELISHA FARNSWORTH,
a minor, by and through her
guardian ad litem Kari Farnsworth,

         Plaintiffs,

    v.

PATRICIA A. CHRISTIANS; TRINITY
MANAGEMENT COMPANY, business from
unknown,

         Defendants.[1]

2:08-cv-01882-GEB-KJM

STATUS (PRETRIAL SCHEDULING) ORDER

The status (pretrial scheduling) conference scheduled for December 8, 2008, is vacated since the following Order issues based on information in the parties' Joint Status Report ("JSR") filed October 9, 2008.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

The parties suggest in the JSR a discovery period of 250 days and that any party could file a motion "to amend the pleadings and to add parties" on or before March 18, 2009. JSR at 3. If this suggestion was adopted, any party joined by a motion filed March 18,

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

2009, would have less time to conduct discovery as the present parties and would not have the same amount of time as the present parties to ruminate on what experts to disclose. Since parties do not provide sufficient justification for their suggestion, no further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

## DISMISSAL OF DOE DEFENDANTS

Since Plaintiffs have not justified Doe defendants remaining in this action, Does 1 through 10 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed August 13, 2008, at 2 n.2 (indicating that if Plaintiff or Plaintiffs fail to set forth in the JSR a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

## DISCOVERY

All discovery shall be completed by July 15, 2009. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

2

1 | Each party shall comply with Federal Rule of Civil Procedure
2 | 26(a)(2)'s initial expert witness disclosure and report requirements
3 | on or before May 1, 2009, and with any rebuttal expert disclosure
4 | authorized under the Rule on or before June 1, 2009.

MOTION HEARING SCHEDULE

6 | The last hearing date for motions shall be September 28,
7 | 2009, at 9:00 a.m.[3]

8 | Motions shall be filed in accordance with Local Rule 78-
9 | 230(b).  Opposition papers shall be filed in accordance with Local
10 | Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
11 | consent to the motion and the Court may dispose of the motion
12 | summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
13 | Further, failure to timely oppose a summary judgment motion may result
14 | in the granting of that motion if the movant shifts the burden to the
15 | nonmovant to demonstrate a genuine issue of material fact remains for
16 | trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

17 | Absent highly unusual circumstances, reconsideration of a
18 | motion is appropriate only where:

19 | (1)  The Court is presented with newly discovered evidence
20 | that could not reasonably have been discovered prior to the filing of
21 | the party's motion or opposition papers;

22 | (2)  The Court committed clear error or the initial decision
23 | was manifestly unjust; or

24 | (3)  There is an intervening change in controlling law.

---

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  A motion for reconsideration based on newly discovered evidence shall
2  set forth, in detail, the reason why said evidence could not
3  reasonably have been discovered prior to the filing of the party's
4  motion or opposition papers.  Motions for reconsideration shall comply
5  with Local Rule 78-230(k) in all other respects.

    The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for November 23, 2009 at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[4]  The joint pretrial statement shall specify the issues for trial and

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1 shall estimate the length of the trial.[5]  The Court uses the parties'
2 joint pretrial statement to prepare its final pretrial order and could
3 issue the final pretrial order without holding the scheduled final
4 pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th
5 Cir. 1999) ("There is no requirement that the court hold a pretrial
6 conference.").  The final pretrial order supersedes the pleadings and
7 controls the facts and issues which may be presented at trial.  Issues
8 asserted in pleadings which are not preserved for trial in the final
9 pretrial order cannot be raised at trial.  Hotel Emp., et al. Health
10 Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
11 not preserved in the pretrial order are eliminated from the action.");
12 Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992)
13 (indicating that an issue omitted from the pretrial order is waived,
14 even if it appeared in the pleading); cf. Raney v. Dist. of Columbia,
15 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
16 to allow assertion of a previously-pled statute of limitations
17 defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D.
18 La. 1984) (indicating that "[a]ny factual contention, legal
19 contention, any claim for relief or defense in whole or in part, or
20 affirmative matter not set forth in [the pretrial statement] shall be
21 deemed . . . withdrawn, notwithstanding the contentions of any
22 pleadings or other papers previously filed [in the action]").
23      If possible, at the time of filing the joint pretrial
24 statement counsel shall also email it in a format compatible with
25 WordPerfect to: geborders@caed.uscourts.gov.

---

[5] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

|  |  |
|---|---|
| 1 | TRIAL SETTING |
| 2 | Trial shall commence at 9:00 a.m. on February 23, 2010. |

**Dated: December 4, 2008**

_____
GARLAND E. BURRELL, JR.
United States District Judge