IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARI FARNSWORTH and ELISHA          )
FARNSWORTH, a minor, by and         )
through her guardian ad litem       )
Kari Farnsworth,                    )
                                    )
            Plaintiffs,             )   2:08-cv-01882-GEB-KJM
                                    )
       v.                           )   TENTATIVE RULING ON
                                    )   ISSUES INVOLVED WITH
PATRICIA A. CHRISTIANS and TRINITY  )   PLAINTIFFS' MOTION FOR
MANAGEMENT COMPANY,                 )   SUMMARY ADJUDICATION; AND
                                    )   ISSUES TO BE DISCUSSED AT
            Defendants.             )   HEARING
_____)

        On July 13, 2009, Plaintiffs filed a motion for summary

adjudication of three claims in their lawsuit involving Defendants'

alleged discriminatory housing practices; specifically, Plaintiffs

seek summary adjudication on their following three claims: (1)

Violation of the Federal Fair Housing Act, 42 U.S.C. § 3604;(2)

Violation of the California Fair Employment and Housing Act,[1] Cal.

_____

        [1]The applicable provisions of FEHA protect substantially
the same rights as the FHA provisions at issue.  Since the same analysis
is involved these Acts are analyzed by solely discussing the FHA.  See
Moua v. City of Chico, 324 F. Supp. 2d 1132, 1141 (E.D. Cal. 2004) ("The
provisions of FEHA involved in this case protect substantially the same
rights as the FHA provisions at issue and are subject to the same
analysis"); Walker v. City of Lakewood, 272 F.3d 1114, 1131 n.8 (9th
Cir. 2001) (stating since same standards apply, what was stated about
                                                        (continued...)

Gov. Code § 12955; and (3) Violation of California Business and Professions Code section 1720.

As a preliminary matter, Kari Farnsworth is appointed guardian ad litem for her daughter, Elisha Farnsworth.  <u>See</u> Fed. R. Civ. P. 17(c).  Although Plaintiffs failed to alert the Judge to the need for this appointment as required by the applicable local rule, the appointment is made in accordance with the Petition for Appointment filed with Plaintiffs' Complaint on August 12, 2008.  E.D. Cal. R. 17-202(a) (requiring appropriate evidence of the appointment having been made under state law or a motion for the appointment).

## I.   <u>BACKGROUND</u>

At issue is whether Defendants discriminated against Plaintiffs by subjecting Plaintiffs to discriminatory rules which treated Plaintiffs child and family differently and less favorably than adults-only households.  On June 1, 2004, Plaintiff Kari Farnsworth and her then nine-year-old daughter, Plaintiff Elisha Farnsworth, moved into the Parkwood Terrace Apartments in Redding, California.  (Statement of Undisputed Facts ("SUF") 5:1-9.)  From 2002 to 2007, the Parkwood Terrace Apartments were owned and operated by Defendant Patricia A. Christians, doing business as Trinity Management Company, also a Defendant.  (SUF 2:8-14.)  In addition to the Rental Agreement and Lease, tenants were required to sign a form entitled "House Rules and Regulations."  (Christians Depo. 14:19-25; Pls.'

---

[1](...continued)
FHA claim applies to FEHA claim as well).

Notice of Lodgement Ex. 2.)  Under the "Children-Strictly Inforced"
[sic] section, the House Rules state:

> 1.  Children 14 years or younger must be attended by
> parent or guardeon [sic] in common areas
> 2.  Children are not to climb on trees or landscaping;
> Damage will be charged to the tenant.
> 3.  No Screaming for children or at children outside will
> be tolerated.(Noise Violation)
> 4.  No Rock throwing will be tolerated.  Proper conduct
> of your children is your responsibility.

(Pls.' Notice of Lodgement Ex. 2.) [the first sentence is hereinafter
referred to as the Supervision Rule].  Kari Farnsworth signed the
House Rules on April 2, 2005.  (Id.)

During her tenancy at Parkwood Terrace, Kari Farnsworth
received two Notices of Termination of Tenancy.  The first notice
stated no reason for the termination and required Plaintiffs to vacate
the premises within 60 days of the notice or on January 9, 2007,
whichever was later.  (Pls.' Notice of Lodgement Ex. 3.)  The second
notice stated:

> Tenancy is terminated due to the following violations of
> the Lease/Rental Agreement:
>
> 1.  ***Children 14 Years or younger must be attended by an
> adult in the common areas.***
> 2.  No pet shall be kept on or about the premises.

Id. Ex. 4 (emphasis added).  It required that Plaintiffs vacate the
premises within 30 days of the notice or by April 16, 2007.  Id.
Defendants sold the apartment complex in 2007 and Plaintiffs
eventually moved out of their apartment in 2008.  (Christians Depo.
6:15-16.)

Plaintiffs argue Defendants' actions constitute
discriminatory housing practices.

1
2
3
4                            **II.    STANDARD**
5
6          "A motion for summary adjudication, sometimes referred to as

7     a motion for partial summary judgment, is governed by the same

8     standard as a typical motion for summary judgment." Barsamian v. City

9     of Kingsburg, 597 F. Supp. 2d 1054, 1061 (E.D. Cal. 2009) (citing

10    California v. Campbell, 138 F.3d 772, 780-81 (9th Cir. 1998)).

11    "Summary adjudication 'shall be rendered forthwith if the pleadings,

12    depositions, answers to interrogatories, and admissions on file,

13    together with the affidavits, if any, show that there is no genuine

14    issue as to any material fact and that the moving party is entitled to

15    a judgment as a matter of law.'" Campbell, 138 F.3d at 781 (quoting

16    Fed. R. Civ. P. 56(c)).  Under this standard, "the mere existence of

17    some alleged factual dispute between the parties will not defeat an

18    otherwise properly supported motion for summary judgment." Campbell,

19    138 F.3d at 781 (inner quotations omitted).  "Thus, the relevant

20    inquiry in a summary adjudication motion is threefold: is there a

21    genuine issue, is that issue about a material fact, and is the moving

22    party entitled to judgment as a matter of law." Id.

23
24                           **III.   ANALYSIS**
25
26    *California Business and Professions Code*

27          Although Plaintiffs seek summary adjudication on their claim

28    under the California Business and Professions Code, Defendants

                                      4

1  Opposition to this part of Plaintiffs' motion correctly states the

2  claim is not included in Plaintiffs' Complaint and the motion appears

3  to address parties in another case.  See, e.g., P. & A. in Supp. of

4  Mot. for Summ. J. 13:24-27 (referring to "Defendant Phillips

5  Electronics").  Plaintiffs did not respond to either argument in their

6  Reply brief.  Therefore, this portion of the motion is DENIED.

7  ***Fair Housing Act***

8  Plaintiffs also seek summary adjudication on their FHA and

9  FEHA claims.  The FHA bars discrimination on the basis of familial

10  status, including discrimination against families with children.  42

11  U.S.C. §§ 3601, *et seq*.  Familial Status is defined as "one or more

12  individuals (who have not attained the age of 18 years) being

13  domiciled with . . . a parent or other person having legal custody of

14  such individual or individuals."  42 U.S.C. § 3602(k)(1).

15  Specifically, under the FHA it is unlawful:

16  (a)  To refuse to sell or rent after the making of a
    bona fide offer, or to refuse to negotiate for the same
17  or rental of, or otherwise make unavailable or deny, a
    dwelling to any person because of . . . familial status
18  . . . .

19  (b)  To discriminate against any persons in the terms,
    conditions, or privilege of sale or rental of a
20  dwelling, or in the provision of services or facilities
    in connection therewith, because of . . . familial
21  status . . . .

22  (c) To make, print, or publish, or cause to be made,
    printed or published by any notice, statement, or
23  advertisement, with respect to the sale or rental of a
    dwelling that indicates any preference, limitation, or
24  discrimination based on . . . familial status . . . or
    on intention to make any such preference, limitation,
25  or discrimination.

26  42 U.S.C. § 3604.  Moreover, section 3617 of the FHA provides: "It

27  shall be unlawful to coerce, intimidate, threaten, or interfere with

28  any person in the exercise or enjoyment of, or on account of his

1   having exercised or enjoyed, or on account of his having aided or

2   encouraged any other person in the exercise or enjoyment of, any right

3   granted or protected by . . . section 3604."  42 U.S.C. § 3617.

4          A plaintiff establishes a *prima facie* case of discrimination

5   under the FHA by showing facially discriminatory rules which treat

6   children, and thus, families with children, differently and less

7   favorably than adults-only households.  <u>United States v. Plaza Mobile

8   Estates</u>, 273 F. Supp. 2d 1084, 1091 (C.D. Cal. 2003); <u>Fair Hous. Cong.

9   v. Weber</u>, 993 F. Supp. 1286, 1292 (C.D. Cal. 1997).  Once a *prima

10  facie* case is established, defendants must articulate a legitimate

11  justification for their rules.  <u>Plaza Mobile</u>, 273 F. Supp. 2d at 1091

12  (<u>quoting</u> <u>Weber</u>, 993 F. Supp. at 1292).  To sustain this burden,

13  defendants must establish that their rules constitute a compelling

14  business necessity and that they have used the least restrictive means

15  to achieve that end.  <u>Id.</u>

16  ***Parkwood Terrace House Rules***

17         The Supervision Rule contained in the Parkwood Terrace House

18  Rules is a facially discriminatory restriction on a tenant's child's

19  use of the common areas.  No similar restriction is placed on adult

20  use of these areas. (Pls.' Notice of Lodgement Ex. 2.)  The rule, by

21  prohibiting children from entering *any* common area in the apartment

22  complex without supervision, treats children and their families

23  differently and less favorably than adults-only households.

24         Defendants argue a genuine issue of material fact exists as

25  to whether the Supervision Rule was ever enforced. (Defs.' Opp'n

26  12:15-16.)  But the second Notice of Termination of Tenancy issued to

27  Plaintiffs for violating the rule demanded that Plaintiffs vacate

28  their apartment within 30 days because Elisha was not "attended by an

1  adult in the common areas" in violation of the rule.  (Pls.' Notice of
2  Lodgement Ex. 4.)  Since this facially discriminatory rule was
3  enforced against Plaintiffs, Defendants have the burden of showing
4  that the rule was the least restrictive means of achieving a
5  compelling business necessity.

6         Defendants' stated "legitimate, nondiscriminatory
7  purposes for enforcing the rule" (Defs.' Opp'n. 17:27-28) are that the
8  rule is necessary to protect "the children's safety because of the
9  busy street in front of the apartment building and the swimming pool."
10 Id. at 17:25-27, 19:5-7.

11        Here, Defendants have not shown they could not address the
12 safety concerns with less restrictive rules, tailored to the actual
13 concerns advanced as justification for the rules.  If heavy vehicle
14 traffic was a concern, Defendants could have prohibited unsupervised
15 children from accessing those areas near the busy street.  If pool
16 safety was the concern, Defendants could have prohibited unsupervised
17 children from accessing the pool area.  It is evident that Defendants'
18 adult supervision requirements are "**not the least restrictive means** to
19 achieve any health and safety objectives." U.S. v. Plaza Mobile
20 Estates, 273 F. Supp. 2d 1084, 1092 (C.D. Cal. 2003)(emphasis added).
21 For the stated reasons, the Supervision Rule is an unjustified
22 facially discriminatory restriction on the use of common areas by
23 tenant children and violates the FHA and the FEHA.
24 ***Judith Dunn as an Independent Contractor***
25        The issue on which arguments should focus is Defendant's
26 contention that they are shielded from liability since the rule was
27 ///
28 ///

1  actually enforced by the independent contractor, Judith Dunn, hired by

2  Defendants.

3

   Dated:  September 25, 2009

4

5  _____
                        GARLAND E. BURRELL, JR.
6                       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28